**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MARTIN VOGEL, <br><br>        Plaintiff - Appellant, <br><br> v. <br><br> TULAPHORN, INC., DBA McDonalds, No. 10746 and MCDONALD'S CORPORATION, <br><br>        Defendants - Appellees. | Nos. 13-57047 <br>      14-55176 <br><br> D.C. No. 2:13-cv-00464-PSG-PLA <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted February 4, 2016
Pasadena, California

Before: REINHARDT, PAEZ, and M. SMITH, Circuit Judges.

---

     \*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Martin Vogel and his attorney Lynn Hubbard III appeal the district court's order granting terminating sanctions.[1]  We affirm.

The district court did not abuse its discretion in granting the motion of Defendant Tulaphorn, Inc. ("Tulaphorn") for terminating sanctions.  The court properly identified the five factors that must be evaluated before issuing a sanctions order under its inherent powers.  *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 (9th Cir. 1988).

In discovery responses and deposition testimony, Vogel represented that he first encountered barriers to access at the McDonald's Restaurant ("Restaurant") during a visit on January 8, 2013.  Vogel provided a receipt and photos documenting that visit, and testified at his deposition that the documents were his own.  He repeated those assertions in a declaration in support of his motion for summary judgment and attached the January 8 receipt and photos.  The January 8 visit was the only pre-Complaint visit documented in the motion for summary judgment.  In response to the motion, Tulaphorn notified Vogel that Restaurant security video from January 8, 2013, showed Vogel's attorney, not Vogel, visiting

---

[1] Vogel additionally appeals the district court's orders awarding attorneys' fees and costs against Vogel and his counsel.  However, Vogel's briefing addresses only the order granting terminating sanctions.  Thus, any challenge to the fee awards is waived.  *See TRW Inc. v. Andrews*, 534 U.S. 19, 34 (2001).

the Restaurant, purchasing a drink, and taking the photos Vogel testified to at his deposition, produced in discovery, and referenced in the motion for summary judgment.

Vogel's counsel responded by letter that he had made a "mistake" in offering the January 8 materials as evidence of Vogel's own visit to the Restaurant. Instead, the letter stated that the receipt and photos were acquired during a "Rule 11 inspection" of the Restaurant performed by Vogel's counsel, and were "inadvertently disclosed with Vogel's receipts." Vogel then served amended discovery responses, filed an amended motion for summary judgment, and served an Errata Sheet to Vogel's deposition transcript. The changes were substantial—the Errata Sheet, for example, contained over one hundred revisions to Vogel's deposition, eliminating all references to the January 8 visit.

The district court, on the basis of evidence before it, reasonably determined that both Vogel and his attorney participated in a pattern of falsification of evidence that amounted to bad faith. Despite multiple requests by Tulaphorn, Vogel never produced any documentation supporting a different pre-Complaint visit. Nor did Vogel provide a sworn statement explaining why he described in such detail the facts of a visit he later acknowledged did not occur, although he could have attached such a declaration to his Errata Sheet, to his amended motion

3

for summary judgment, or to his opposition to the motion for sanctions.  On this record, the district court did not abuse its discretion by issuing terminating sanctions.

**AFFIRMED.**

13-57047 & 14-55176  Vogel v. Tulaphorn, Inc.

Reinhardt, Circuit Judge, dissenting:

The critical factual issue in this case is what the plaintiff, Martin Vogel, did and when.  Although Hubbard, Vogel's counsel, specifically asked that Vogel be allowed to testify at the sanctions hearing, the district judge refused to allow him to do so.  In my view, that refusal was a legal error that constitutes an abuse of discretion.

For that reason, I respectfully dissent.